## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BELLYARD PARTNERS, LLC, on behalf of itself and all others similarly situated, | |
| Plaintiff, | Civil Action No: |
| v. | |
| FALFURRRIAS MANAGEMENT PARTNERS LP d/b/a FALFURRIAS CAPITAL PARTNERS, and SLUSS + PADGETT INC., | |
| Defendants. | |

## <u>NOTICE OF REMOVAL</u>

Defendants Falfurrias Management Partners LP ("Falfurrias") and Sluss + Padgett, Inc. ("Sluss + Padgett") (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of Fulton County, where it is now pending, to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants state as follows:

### I.    BACKGROUND

1.      On October 31, 2024, Plaintiff Bellyard Partners, LLC ("Plaintiff") filed a Class Action Complaint (the "Complaint") in Superior Court of Fulton County, Case No. 24-cv-013883. Plaintiff's Complaint names Falfurrias and Sluss + Padgett as defendants. The Complaint asserts a claim for violation of Georgia's RICO statute (O.C.G.A. § 16-14-1 *et seq.*) and a claim for breach of the implied warranty of merchantability.

2.      Plaintiff served the Complaint on Falfurrias and Sluss + Padgett on November 12 and November 15, 2024, respectively. The Complaint is included in the documents attached hereto as Exhibit 1.[1]

3.      This Notice of Removal is timely as it has been filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers filed in the Superior Court of Fulton County are attached hereto as **Exhibit 1**.

5.      Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendants will promptly provide written notice to Plaintiff and file in the Superior

---

[1] This is the third putative class action that Plaintiff's counsel has filed regarding the same allegations related to ionization devices sold by Global Plasma Solutions, Inc. ("GPS"). The other two putative class actions are pending in the United States District Court for the District of Delaware and are captioned *Garner v. Global Plasma Solutions, Inc.*, Civil No. 1:21-cv-00665 and *Fishlock v. Global Plasma Solutions, Inc.*, Civil No. 1:23-cv-00522. Plaintiff's counsel filed this Complaint in violation of the Protective Order in *Garner*, and Falfurrias's counsel has filed a Motion for Order to Show Cause in *Garner*.

Court of Fulton County the Notice of Filing of Notice of Removal attached hereto as **Exhibit 2**.

6.      Defendants file this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

7.      Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a).[2]

### A.    Complete Diversity

8.      "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

9.      Plaintiff is a Georgia limited liability company.  Ex. 1, Compl. ¶ 23. Upon information and belief, Plaintiff's sole member is Chris Atkinson who is a

---

[2] Although Plaintiff's Complaint is a putative class action, the Class Action Fairness Act ("CAFA") "does not prevent federal courts from exercising jurisdiction over class actions that fall within the parameters of the traditional diversity jurisdiction provision found in § 1332(a).  Rather, CAFA provides parties with an alternative to traditional diversity jurisdiction.  Thus, the Court may exercise jurisdiction over this case if the requirements of traditional diversity jurisdiction are met."  *Stell v. Gibco Motor Express, LLC*, 2016 WL 2620178, at *3 (S.D. Ill. May 9, 2016); *see also Blevins v. Aksut*, 849 F.3d 1016, 1020 (11th Cir. 2017) (stating that CAFA "does not preclude the exercise of any other jurisdictional power"); 2 W. Rubenstein, Newberg on Class Actions § 6:6 (5th ed.) ("CAFA does not replace the basic diversity requirements; it supplements them.  That means that a class action case not arising under federal law can be lodged in federal court if it meets either the basic diversity requirements or CAFA's requirements.").

citizen of Georgia.  Thus, Plaintiff is a citizen of Georgia.

10.     Defendant Falfurrias is a Delaware limited partnership.  Ex. 1, Compl. ¶ 24.  The sole general partner of Falfurrias is a limited liability company whose sole members are two individuals who are citizens of North Carolina.  The limited partners of Falfurrias are an individual who is a citizen of North Carolina, a limited liability company whose sole members are two individuals who are citizens of North Carolina, and a trust whose trustees and beneficiaries are citizens of North Carolina.  The citizenship of a trust is determined by the citizenship of the trust's beneficiaries and trustees.  *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019).  Thus, Defendant Falfurrias is a citizen of North Carolina.

11.     Plaintiff alleges that Defendant Sluss + Padgett is a Georgia corporation with its principal place of business located in Norcross, Georgia.  Ex. 1, Compl. ¶ 25.  Effective October 27, 2022, Sluss + Padgett converted from a Georgia corporation to a Delaware LLC.  Ex. 3, Decl. Eric Sluss ¶ 4.  The sole member of Sluss + Padgett is another LLC whose sole member is another LLC with several additional levels of sole LLC members.  Upon information and belief, the ultimate non-LLC member(s) who determine the citizenship of Sluss + Padgett are citizens of states other than Georgia.  In the alternative, even assuming that Sluss + Padgett is a citizen of Georgia, Sluss + Padgett has been fraudulently joined and, thus, this

Court should ignore the citizenship of Sluss + Padgett pursuant to the fraudulent joinder doctrine.

12.    "Fraudulent joinder is a 'judicially created doctrine that provides an exception to the requirement of complete diversity.'" *Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1380-81 (N.D. Ga. 2014) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).  A defendant may remove the action to federal court based on diversity jurisdiction if the diversity-destroying defendant was fraudulently named or joined solely to defeat diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).  "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Id.*  "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

13.    Here, there is no possibility that Plaintiff can establish a cause of action against Sluss + Padgett and, thus, this Court should disregard its citizenship for jurisdictional purposes.  As to the claim for breach of the implied warranty of merchantability, Plaintiff cannot establish such a claim against Sluss + Padgett because there was no privity of contract between Sluss + Padgett and Plaintiff, Sluss + Padgett did not sell the devices but instead installed the devices pursuant to a services contract with the general contractor, and Sluss + Padgett is not a merchant with respect to the GPS devices.

14.    A claim for breach of the implied warranty of merchantability requires a plaintiff to prove "(1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result." *Simmons v. Augusta Aviation, Inc.*, 596 F. Supp. 3d 1363, 1382 (S.D. Ga. 2022). With respect to the first element, Georgia law provides that "[u]nless excluded or modified . . . a warranty that the goods shall be merchantable is implied *in a contract for their sale* if the seller is a merchant with respect to goods of that kind." O.C.G.A. § 11-2-314(1) (emphasis added).  A claim for breach of the implied warranty of merchantability requires that there be privity of contract between the plaintiff and defendant.  *Cobb Cnty. Sch. Dist. v. MAT Factory, Inc.*, 452 S.E.2d 140, 145-46 (Ga. Ct. App. 1994).  The Complaint alleges, without reference to any specific contract, that Plaintiff "agreed to purchase one

hundred and sixty-eight (168) GPS-FC-3-BAS units from Sluss+Padgett located in Gwinnett County, Georgia."  Ex. 1, Compl. ¶ 176.  As the declaration from Eric Sluss makes clear, however, this is false.  Sluss + Padgett merely installed the devices pursuant to a subcontract between Sluss + Padgett and a third-party general contractor.  Ex. 3, Sluss Decl. ¶ 6.  Sluss + Padgett did not sell Plaintiff the GPS devices and did not enter into a contract of sale—or any contract—with Plaintiff. Ex. 3, Sluss Decl. ¶¶ 8–9.  Instead, Plaintiff purchased the devices from a third-party. Ex. 3, Sluss Decl. ¶ 10. Accordingly, there is no privity of contract between Plaintiff and Sluss + Padgett, and Sluss + Padgett did not covenant a warranty of merchantability to Plaintiff.  *See Gowen v. Cady*, 376 S.E.2d 390, 393 (Ga. Ct. App. 1998) ("Generally, before a recovery may be had for breach of warranty, this state has recognized the necessity of privity between the parties where a plaintiff-purchaser of an article has been injured because of its alleged defectiveness and brings an action based on warranty."); *Lamb v. Ga.-Pac. Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) ("If a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product.").  Therefore, there is no possibility that Plaintiff can establish that Sluss + Padgett breached an implied warranty of merchantability.

15.    Further, Plaintiff cannot establish a claim for breach of an implied warranty of merchantability against Sluss + Padgett for the additional reason that the contract with the general contractor pursuant to which Sluss + Padgett installed the GPS devices was a service contract.  "If the primary purpose of the agreement is the rendering of services, even if goods are supplied as part of that performance, we will view the contract as one for services with an incidental furnishing of goods, and the UCC does not apply."  *Mail Concepts, Inc. v. Foote & Davies, Inc.*, 409 S.E.2d 567, 569 (Ga. App. 1991); *see also Mingledorff's, Inc. v. Hicks*, 209 S.E.2d 661, 662 (Ga. App. 1974) (holding that "a written contract with Hicks for the installation of heating and air conditioning systems in an apartment complex . . . is not one for the sale of goods but is a contract for services and labor with an incidental furnishing of equipment and materials").  Here, Sluss + Padgett installed the GPS devices pursuant to a subcontract with the general contractor for performing certain construction and installation services.  Ex. 3, Sluss Decl. ¶¶ 6, 11.  Thus, O.C.G.A. § 11-2-314 does not apply and does not give rise to an implied warranty of merchantability by Sluss + Padgett.

16.    In addition, Plaintiff cannot establish a claim for breach of the implied warranty of merchantability against Sluss + Padgett for the separate and independent reason that Sluss + Padgett is not a merchant.  To establish a claim for breach of the implied warranty of merchantability, "the seller must be a merchant with respect to

goods of that kind." *Simmons*, 596 F. Supp. 3d at 1382 (quotation marks omitted). A merchant is "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction[.]" O.C.G.A. § 11-2-104(1). The Complaint is devoid of any allegations that Sluss + Padgett was a merchant in the business of ionization devices. Therefore, Sluss + Padgett did not covenant a warranty of merchantability necessary to establish a claim.

17.    With respect to the RICO claim, Plaintiff does not appear to assert that claim against Sluss + Padgett. Instead, the RICO claim is based on allegations that "Falfurrias and [nonparty] GPS conspired to misrepresent [the products'] effectiveness to the public to convince them to purchase the Products." *E.g.*, Ex. 1, Compl. ¶ 158.

18.    To the extent that the Complaint asserts the RICO claim against Sluss + Padgett, there is no possibility that Plaintiff can establish that claim. Georgia's RICO statute makes it unlawful "for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money" and makes it unlawful "for any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity." O.C.G.A. § 16-4-4. "A private

plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Vista Acquisitions, LLC v. West Shore Walden LLC*, No. 1:22-cv-739-MLB, 2023 WL 2145515, at *8 (N.D. Ga. Feb. 21, 2023) (explaining the elements of both federal and Georgia RICO and noting that the two acts are "essentially identical").

19.    Here, the 72-page Complaint contains only a *single* factual allegation against Sluss + Padgett—that Plaintiff agreed to purchase the GPS devices from Sluss + Padgett—and as discussed above, this allegation is false.  There are no allegations whatsoever to support a RICO claim against Sluss + Padgett.  Instead, the Complaint's allegations of a conspiracy relate to an alleged conspiracy between Falfurrias and nonparty GPS.[3]  The Complaint's conclusory group pleading allegations are wholly insufficient to salvage any RICO claim against Sluss + Padgett. *Eyecare Advisors, Inc. v. FR Enterprises LLC*, 2021 WL 9938801, at *4 (N.D. Ga. July 26, 2021) ("Where a complaint indiscriminately groups the

---

[3] Indeed, that Sluss + Padgett was fraudulently joined for the purpose of defeating diversity jurisdiction is clear based on the prior complaint filed by Plaintiff.  On August 13, 2024, Plaintiff filed a Class Action Complaint in Superior Court of Fulton County, Case No. 24-cv-010221, against Falfurrias Capital Partners, LP and GPS alleging a single cause of action for violation of Georgia's RICO statute, which Falfurrias and GPS timely removed to this Court.  Case No. 1:24-cv-04128-LMM, Doc. 1.  Plaintiff voluntarily dismissed that action after it was removed to this Court.  That complaint is nearly identical to the instant Complaint except Plaintiff added Sluss + Padgett as a defendant in this case for the purpose of defeating diversity jurisdiction.

defendants together, it fails to comply with the minimum standard of Rule 8." (quotation marks omitted)); *Harris v. Ocwen Loan Servicing, LLC*, 2009 WL 10711987, at *5 (N.D. Ga. Sept. 18, 2009) (holding that the complaint's allegations lumping all defendants together violate Rule 8 because "[t]here is no differentiation or . . . description of actions that could provide fair notice of the basis for the claims against each" defendant" (quotation marks omitted) (omission in original)).

20.    Therefore, there is no possibility that Plaintiff can establish that Sluss + Padgett operated, managed, or otherwise participated in a racketeering enterprise.

21.    It is clear that Plaintiff added Sluss + Padgett solely in an attempt to defeat diversity jurisdiction in its second bite at the apple after voluntarily dismissing the first complaint.

22.    Because this Court should disregard Sluss + Padgett's citizenship for purposes of diversity jurisdiction, Plaintiff is a citizen of Georgia, and Falfurrias is a citizen of North Carolina, the complete diversity requirement is satisfied.

### B.    Amount in Controversy

23.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," which is $75,000. *Martin v. William*, No. 1:20-CV-1241-LMM, 2020 WL 13593701, at *1 (N.D. Ga. June 17, 2020) (citations omitted); 28 U.S.C. § 1332(a).

24.    Plaintiff alleges that Falfurrias made false representations regarding GPS's products and that Plaintiff relied on Falfurrias's representations in purchasing the products, paying $98,475.  Ex. 1, Compl. ¶¶ 176–187. Plaintiff alleges that the products do not work as represented and it would not have purchased the products but for Falfurrias's representations. Ex.1, Compl. ¶ 186.  Plaintiff seeks actual damages—which plausibly include the $98,475 that it paid for the products—as well as treble damages and attorney's fees.  Ex. 1, Compl. ¶¶ 252, 264. Therefore, the amount in controversy exceeds $75,000. *Edwards v. Solomon & Solomon PC*, No. 4:22-CV-00180-WMR, 2022 WL 19410502, at *2 (N.D. Ga. Dec. 9, 2022) ("The Court concludes that Plaintiff is seeking at minimum triple the amount listed in the complaint [$68,400] pursuant to the Georgia RICO Act.  Thus, the Court finds that Defendant has met its burden of demonstrating that the amount in controversy is met."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (holding that district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable").

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Fulton County, Georgia, to this Court.

Dated: December 12, 2024                    Respectfully submitted,

                                            **MCGUIREWOODS, LLP**

                                            */s/ M. Laughlin Allen*
                                            M. Laughlin Allen
                                            Georgia Bar No. 901999
                                            McGuireWoods LLP
                                            1075 Peachtree Street, NE, 35th Floor
                                            Atlanta, Georgia 30309-3900
                                            (404) 443-5738 (Telephone)
                                            mlallen@mcguirewoods.com

                                            *Counsel for Falfurrias Management*
                                            *Partners, LP*

                                            **HENDRICK, PHILLIPS, SALZMAN &**
                                            **SIEGEL, P.C.**

                                            /s/ Mark Husted
                                            Mark Husted
                                            Georgia Bar No. 737068
                                            Attorneys for Sluss + Padgett
                                            230 Peachtree Street NW, Suite 2500
                                            Atlanta, GA 30303
                                            Phone: 256-453-7506
                                            Email: mah@hpsslaw.com

                                            *Counsel for Sluss + Padgett, LLC*

**CERTIFICATE OF SERVICE AND
COMPLIANCE WITH LOCAL RULE 5.1(C)**

I HEREBY CERTIFY that on this 12th day of December, 2024, I caused a true and correct copy of the foregoing Notice of Removal to be filed electronically via the CM/ECF system. Counsel(s) of record are registered CM/ECF users and will be served by the CM/ECF System, and via electronic mail at the following addresses:

Steffan T. Keeton
The Keeton Firm LLC
stkeeton@keetonfirm.com

Dennis C. Reich
Reich & Binstock LLP
dreich@reichandbinstock.com

Michael A. Mills
The Mills Law Firm
mickey@millsmediation.com

I further certify that the foregoing has been prepared in Times New Roman 14-point font, one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

Dated:        December 12, 2024

                              /s/ M. Laughlin Allen
                              M. Laughlin Allen
                              Georgia Bar No. 901999
                              McGuireWoods LLP
                              1075 Peachtree Street, NE
                              35th Floor
                              Atlanta, GA 30309
                              Telephone: (404) 443-5738

14

Facsimile: (404) 443-5599
mlallen@mcguirewoods.com

*Counsel for Falfurrias Management Partners, LP*