UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELLYARD PARTNERS, LLC, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>FALFURRIAS MANAGEMENT PARTNERS LP d/b/a FALFURRIAS CAPITAL PARTNERS, and SLUSS + PADGETT INC.,<br><br>    Defendants. | Civil Action No: 1:24-cv-05717-SDG |

## DEFENDANT SLUSS + PADGETT'S MOTION TO DISMISS ALL CLAIMS ASSERTED AGAINST SLUSS + PADGETT

Defendant Sluss + Padgett, LLC, incorrectly identified in the caption as Sluss + Padgett, Inc. ("Sluss + Padgett") hereby moves to dismiss the Complaint and causes of action asserted against Sluss + Padgett under Rule 12(b)(6). As grounds for dismissal, Sluss + Padgett states as follows:

### I. BACKGROUND

On October 31, 2024, Plaintiff Bellyard Partners, LLC ("Plaintiff") filed a Class Action Complaint (the "Complaint") in Superior Court of Fulton County, Case No. 24-cv-013883. Plaintiff's Complaint names Falfurrias and Sluss + Padgett as defendants. The Complaint asserts a claim for violation of Georgia's RICO statute

(O.C.G.A. § 16-14-1 *et seq.*) and a claim for breach of the implied warranty of merchantability. On December 12, 2024, Sluss + Padgett and its co-defendant, Falfurrias, filed a timely Notice of Removal pursuant to 28 U.S.C. § 1446(b). The Complaint was included in the documents attached thereto as Exhibit 1.

As set forth in the Notice of Removal, the Defendants contend that Plaintiff fraudulently joined Sluss + Padgett in an attempt to destroy diversity and keep this case out of state court. However, there is no possibility that Plaintiff can establish a cause of action against Sluss + Padgett for alleged RICO violations or breach of the implied warranty of merchantability.

II.  **ARGUMENT**

<u>**Breach of Warranty of Merchantability Claim**</u>

1. Plaintiff cannot establish a claim against Sluss + Padgett for breach of the implied warranty of merchantability because 1) there was no privity of contract between Sluss + Padgett and Plaintiff; 2) Sluss + Padgett did not enter a sales contract but instead furnished and installed the devices pursuant to a services contract, and 3) Sluss + Padgett is not a merchant with respect to the GPS devices.

2. A claim for breach of the implied warranty of merchantability requires a plaintiff to prove "(1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result." *Simmons v. Augusta Aviation, Inc.*, 596 F. Supp.

2

3d 1363, 1382 (S.D. Ga. 2022). With respect to the first element, Georgia law provides that "[u]nless excluded or modified . . . a warranty that the goods shall be merchantable is implied *in a contract for their sale* if the seller is a merchant with respect to goods of that kind." O.C.G.A. § 11-2-314(1) (emphasis added). A claim for breach of the implied warranty of merchantability requires that there be privity of contract between the plaintiff and defendant. *Cobb Cnty. Sch. Dist. v. MAT Factory, Inc.*, 452 S.E.2d 140, 145-46 (Ga. Ct. App. 1994).

*No Privity of Contract*

3.  The Complaint alleges at Paragraph 176 that Plaintiff "agreed to purchase one hundred and sixty-eight (168) GPS-FC-3-BAS units from Sluss + Padgett located in Gwinnett County, Georgia." The Complaint does not allege, however, the existence of a specific contract between Plaintiff and Sluss + Padgett, and therefore fails to state a claim against Sluss + Padgett for breach of the implied warranty of merchantability.[1]

4.  Indeed, the declaration of Eric Sluss (submitted as an exhibit to the Notice of Removal) establishes that there was <u>not</u> privity of contract between

---

[1] Conflictingly, the Complaint alleges at Paragraph 256 that "Plaintiff and the Class Members are in privity of contract with the Defendants [plural]," apparently claiming that both Sluss + Padgett *and* Falfurrias sold it the ionization devices. In *Dermatology Specialists of Augusta, Inc. v. Daikin Applied Americas Inc*., No. CV 116-058, 2019 WL 97831, at *2 (S.D. Ga. Jan. 3, 2019), the court recognized that by failing to specify which defendant had sold the product at issue, the Plaintiff had not alleged privity. ("The Court granted Defendants' motion on [the breach of implied warranty] claim because [Plaintiff] failed to allege privity with any Defendant by not identifying which Defendant sold the replacement coil.").

Bellyard and Sluss + Padgett; rather, Sluss + Padgett merely installed the devices pursuant to a subcontract between Sluss + Padgett and a third-party general contractor, Armada Hoffler. (Doc. 1-3, Dec. Eric Sluss ¶ 11) ("Sluss + Padgett had a subcontract with the general contractor for the primary purpose of performing certain construction and installation services."). Sluss + Padgett's only contractual relationship was with the general contractor, rather than directly with Bellyard.[2]

5.  Sluss + Padgett did not sell Plaintiff the GPS devices and did not enter into a contract of sale—or any contract—with Plaintiff. Instead, Plaintiff purchased the devices from a third party. Accordingly, there is no privity of contract between Plaintiff and Sluss + Padgett, and Sluss + Padgett did not covenant a warranty of merchantability to Plaintiff. *See Gowen v. Cady*, 376 S.E.2d 390, 393 (Ga. Ct. App. 1998) ("Generally, before a recovery may be had for breach of warranty, this state has recognized the necessity of privity between the parties where a plaintiff-purchaser of an article has been injured because of its alleged defectiveness and brings an action based on warranty."); *Lamb v. Ga.-Pac. Corp.*, 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) ("If a defendant is not the seller to the plaintiff-purchaser, the

---

[2] The court can consider the declaration of Eric Sluss as it is an item properly appearing in the record. *See* Henderson v. Sun Pharms. Indus., Ltd., No. 4:11-CV-0060-HLM, 2011 WL 4024656, at *1 (N.D. Ga. June 9, 2011) ("Therefore, when addressing a motion to dismiss, the Court 'may also consider any . . . items appearing in the record.'"); *see also* Dermatology Specialists of Augusta, Inc. v. Daikin Applied Americas Inc., No. CV 116-058, 2019 WL 97831, at *4 (S.D. Ga. Jan. 3, 2019) ("the Court, even on a Rule 12(b)(6) motion, may consider matters in the public record including prior filings in the case"); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 376 (3d ed. 2004) (noting that a court may refer to "items appearing in the record of the case" without converting a motion to dismiss into one for summary judgment).

plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product."); *Gill v. Blue Bird Body Co.*, 147 F. App'x 807, 810 (11th Cir. 2005) ("Georgia's implied warranties for goods do not pass to a second or subsequent purchaser, and may be enforced only by the original buyer, who stands in privity of contract with the seller-defendant."). Therefore, there is no possibility that Plaintiff can establish that Sluss + Padgett breached an implied warranty of merchantability.

6. In the "Declaration of Matt White" attached to Plaintiff's Motion to Remand [Doc. 12-2], Plaintiff apparently tries to rectify its error and demonstrate that it *did* have a contract with Sluss + Padgett; however, the Declaration itself demonstrates the lack of privity. Mr. White states, "I was the authorized purchaser on behalf of Bellyard Partners in connection with the purchase and installation of the bipolar ionization equipment from Sluss + Padgett. Attached is . . . the original invoice reflecting the purchase and installation of [the devices]." The attached invoice, however, is an invoice to Bellyard from *AHP Construction, LLC* ("Armada Hoffler"), not from *Sluss + Padgett*. Attached to AHP's invoice was Sluss + Padgett's Change Request #5, again, *addressed to Armada Hoffler* rather than Bellyard. Plaintiff seeks to ignore the actual chain of privity and act as if it had a direct contract with Sluss + Padgett, when the documents demonstrate that is clearly

not the case. Sluss + Padgett was a subcontractor for Armada Hoffler; Armada Hoffler was a general contractor that contracted with Bellyard. Under these facts, Sluss + Padgett had no privity with Bellyard.

*No Sales Contract, but rather a Service Contract*

7. Further, Plaintiff cannot establish a claim for breach of an implied warranty of merchantability against Sluss + Padgett for the additional reason that the agreement pursuant to which Sluss + Padgett installed the GPS devices was a <u>service</u> contract. "If the primary purpose of the agreement is the rendering of services, even if goods are supplied as part of that performance, we will view the contract as one for services with an incidental furnishing of goods, and the UCC does not apply." *Mail Concepts, Inc. v. Foote & Davies, Inc.*, 409 S.E.2d 567, 569 (Ga. App. 1991); *see also Mingledorff's, Inc. v. Hicks*, 209 S.E.2d 661, 662 (Ga. App. 1974) (holding that "a written contract with Hicks for the installation of heating and air conditioning systems in an apartment complex . . . is not one for the sale of goods but is a contract for services and labor with an incidental furnishing of equipment and materials"). Here, Sluss + Padgett installed the GPS devices pursuant to an agreement with the general contractor for performing certain construction and installation services. (Doc. 1-3, Dec. Eric Sluss ¶ 11) ("Sluss + Padgett had a subcontract with the general contractor for the primary purpose of performing certain construction and installation services."). Thus, because the subcontract pursuant to which Sluss +

6

Padgett installed the ionization devices was a service contract rather than a sales contract, O.C.G.A. § 11-2-314 does not apply and does not give rise to an implied warranty of merchantability by Sluss + Padgett.

*No Pled Allegations to Support Conclusion that Sluss + Padgett is a Merchant*

8. In addition, Plaintiff cannot establish a claim for breach of the implied warranty of merchantability against Sluss + Padgett for the separate and independent reason that Sluss + Padgett was not a merchant of ionization devices at the time of the transaction at issue. Although the Complaint alleges at Paragraph 255 that "the Defendants are and were at all relevant times 'merchants' under O.C.G.A. § 11-2-104(1)," it fails to allege any facts to support that legal conclusion. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

9. To establish a claim for breach of the implied warranty of merchantability, "the seller must be a merchant with respect to goods of that kind." *Simmons*, 596 F. Supp. 3d at 1382 (quotation marks omitted). A merchant is "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction[.]" O.C.G.A. § 11-2-104(1). The Complaint is devoid of any factual

allegations to support the legal conclusion that Sluss + Padgett was a merchant in the business of ionization devices. Therefore, Sluss + Padgett did not covenant a warranty of merchantability necessary to establish a claim.

10. Again, in the unsworn "Declaration of Steffan Keeton" attached to Plaintiff's Motion to Remand [Doc. 12-3] and Exhibit AA and BB attached thereto [Doc. 12-4], Plaintiff tries to create factual allegations to support its legal conclusion that Sluss + Padgett was a merchant in the business of selling ionization devices. However, the Declaration of Plaintiff's counsel is not a part of Plaintiff's Complaint and therefore is improper to be considered for purposes of the Motion to Dismiss. The Declaration attaches purported copies of sections of Sluss + Padgett's website which Plaintiff's attorney Mr. Keeton asserts that he accessed on January 13, 2025. Even if it could be considered for purposes of the Motion to Dismiss, Mr. Keeton's affidavit still lacks sufficient factual support to demonstrate that Sluss + Padgett was a merchant at the time of the transaction at issue. Plaintiff's Complaint alleges that it purchased the ionization devices in June 2020 (Complaint ¶ 176). Any purported representations on Sluss + Padgett's website in January 2025 – nearly 5 years later – provide no factual support for the conclusory assertion that Sluss + Padgett was a merchant *at the time of the transaction at issue*. Plaintiff's complaint remains devoid of any factual allegations to support its legal conclusion that Sluss + Padgett was a merchant at the time of or with respect to the alleged transaction.

## **RICO CLAIM**

11.     With respect to the RICO claim, Plaintiff does not appear to assert that claim against Sluss + Padgett.  Instead, the RICO claim is based on allegations that "Falfurrias and [nonparty] GPS conspired to misrepresent [the products'] effectiveness to the public to convince them to purchase the Products."  *See* Compl. ¶ 158.

12.     To the extent that the Complaint asserts the RICO claim against Sluss + Padgett, there is no possibility that Plaintiff can establish that claim.  Georgia's RICO statute makes it unlawful "for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money" and makes it unlawful "for any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity." O.C.G.A. § 16-4-4.  "A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Vista Acquisitions, LLC v. West Shore Walden LLC*, No. 1:22-cv-739-MLB, 2023 WL

2145515, at *8 (N.D. Ga. Feb. 21, 2023) (explaining the elements of both federal and Georgia RICO and noting that the two acts are "essentially identical").

13. Here, the 72-page Complaint contains only a *single* factual allegation against Sluss + Padgett—that Plaintiff agreed to purchase the GPS devices from Sluss + Padgett—and as discussed above, this allegation is false. There are no allegations whatsoever to support a RICO claim against Sluss + Padgett. Instead, the Complaint's allegations of a conspiracy relate to an alleged conspiracy between Falfurrias and nonparty GPS. The Complaint's conclusory group pleading allegations are wholly insufficient to salvage any RICO claim against Sluss + Padgett. *Eyecare Advisors, Inc. v. FR Enterprises LLC*, 2021 WL 9938801, at *4 (N.D. Ga. July 26, 2021) ("Where a complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8." (quotation marks omitted)); *Harris v. Ocwen Loan Servicing, LLC*, 2009 WL 10711987, at *5 (N.D. Ga. Sept. 18, 2009) (holding that the complaint's allegations lumping all defendants together violate Rule 8 because "[t]here is no differentiation or . . . description of actions that could provide fair notice of the basis for the claims against each defendant" (quotation marks omitted) (omission in original)).

14. Plaintiff's Memorandum of Law in Support of its Motion to Remand [Doc 12-1, at p. 10] claims that "Here, Defendant Sluss, at a minimum, associated with the enterprise and profited through a pattern of racketing activity." This

allegation is not stated in the Complaint and further, remains a conclusory legal statement unsupported by any factual allegation. Therefore, there is no possibility that Plaintiff can establish that Sluss + Padgett operated, managed, or otherwise participated in a racketeering enterprise.

WHEREFORE, Sluss + Padgett respectfully requests that this Court dismiss all counts and causes of action against it.

Dated: January 21, 2025                         Respectfully submitted,

**HENDRICK, PHILLIPS, SALZMAN & SIEGEL, P.C.**

/s/ Mark Husted
Mark Husted
Georgia Bar No. 737068
Attorney for Sluss + Padgett
230 Peachtree Street NW, Suite 2500
Atlanta, GA 30303
Phone: 256-453-7506
Email: mah@hpsslaw.com