UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BELLYARD PARTNERS, LLC, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>FALFURRIAS MANAGEMENT PARTNERS LP d/b/a FALFURRIAS CAPITAL PARTNERS, and SLUSS + PADGETT INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:24-cv-05717-TRJ<br>)<br>) The Honorable Tiffany R. Johnson<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BELLYARD PARTNERS, LLC'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT TO STAY CONSIDERATION OF DEFENDANTS' MOTIONS TO DISMISS PENDING RESOLUTION OF PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Bellyard Partners, LLC ("Bellyard" or "Plaintiff") moves this Court to stay the briefing (including deadlines for filing a response) and consideration of the motions to dismiss filed by Defendant Falfurrias Management Partners LP ("Defendant FMP") and Defendant Sluss + PADGETT INC. ("Defendant SP"). As grounds for this motion, Plaintiff states as follows:

1

1. Plaintiff requests this stay for three primary reasons: a) jurisdictional concerns are threshold issues that should be resolved before consideration of the merits of Plaintiff's claims; b) judicial economy and conservation of party resources; and c) granting a stay will not prejudice Defendants.

2. On December 12, 2024, Defendants filed a Notice of Removal, removing this matter from the Superior Court of Fulton County. (Doc. 1).

3. On January 13, 2025, Plaintiff filed a Motion to Remand explaining why this matter is due to be remanded to the Superior Court of Fulton County because the Court lacks subject matter jurisdiction (Doc. 12).

4. On January 21, 2025, Defendant FMP filed a motion to dismiss (Doc. 14), and Defendant SP filed a motion to dismiss (Doc. 15).

5. To date, Plaintiff has not availed itself to the jurisdiction of this Court.

6. Presently, Plaintiff will have to respond to these motions prior to the Court's ruling on its Motion to Remand.

7. This Court must first consider Plaintiff's Motion to Remand because a federal court lacking subject-matter jurisdiction may not rule on other pending motions, including a motion to dismiss. *See* 14C Charles A. Wright, Federal Practice and Procedure § 3739 (4th ed. 2009); *see also Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (collecting cases).

8. Federal district courts routinely stay consideration of a motion to dismiss until after the resolution of a motion to remand and defer requiring a plaintiff to respond to such a motion to dismiss until after a motion to remand has been denied. Such deferral is warranted since there is no useful purpose in requiring a response if the federal district court lacks jurisdiction to hear the motion to dismiss.

## **MEMORANDUM IN SUPPORT**

Plaintiff's Motion for Remand is a threshold procedural and jurisdictional motion that should be decided before any decision is rendered on the merits of Plaintiff's case. This Court is authorized to stay proceedings as appropriate. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Stone v. Immigration and Naturalization Service*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.").

Before this Court can proceed to address the Parties' claims and defenses on the merits of this litigation, it should consider whether it even has subject matter jurisdiction over those claims. Plaintiff firmly believe this case belongs in state court, and this is why Plaintiff filed the case in state court. Additionally, this is why Plaintiff filed a timely and well-reasoned Motion for

3

Remand. There are sufficient grounds for this Court to stay proceedings on Defendants' motions to dismiss until this Court rules on subject matter jurisdiction. Indeed, subject matter jurisdiction is a "threshold matter" that courts must resolve before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (quoting *Steel Co.*, 523 U.S. at 94-95); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution . . . .").

Moreover, if Plaintiff's Motion for Remand is granted, then Defendants' motions to dismiss become moot. *See e.g., Univ. of South Alabama v. The American Tobacco Co, et al.*, 168 F.3d 405, 410-11 (11th Cir. 1999) ("'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came. . . . Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.") (citations omitted); *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 220 (5th Cir. 1998) (holding that district court should have considered motion to remand prior to addressing motion to dismiss); *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (holding that motion to

4

remand necessarily precedes motion to dismiss); *Warner v. Chase Home Fin. LLC*, 530 F. App'x 614, 615 (8th Cir. 2013) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments"), citing *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir.2006)); *see also Stilp v. HSBC Bank USA, N.A.*, No. 12–3098, 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013) ("Since it challenges the jurisdiction of this Court, Plaintiffs' Motion to Remand will be addressed first.") "Because the dismissal of a motion to remand as moot has the same effect—that is, accepting jurisdiction in the federal court and addressing the merits of the claims, we will apply the same standard here." *Warner*, 530 F. App'x at 615.

Imposing a temporary stay conserves judicial and party resources and poses no burden to Defendants. When a court grants a stay, it must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. Granting the stay will conserve the resources of the Court and the parties by requiring the parties to brief the motions to dismiss only if this Court determines that it has subject matter jurisdiction to hear this case. Moreover, granting the requested stay would impose no hardship on the Defendants. The stay would be temporary and end with the Court's ruling on Plaintiff's Motion for Remand. In addition, the stay would not unduly postpone Defendants' request for relief as the Defendants bear the burden of

establishing this Court's subject matter jurisdiction prior to obtaining any order on the merits of Plaintiff's claims.

WHEREFORE, Plaintiff respectfully request that this Court enter an order staying proceedings in this case (including deadlines for filing a response) on Defendants' Motions to Dismiss pending resolution of the subject matter jurisdiction issues presented by Plaintiff's Motion for Remand.

Respectfully submitted,

Dated: February 4, 2025

**THE KEETON FIRM LLC**

*/s/* Steffan T. Keeton
Steffan T. Keeton (Ga. Bar. No. 588379)
100 S. Commons, Suite 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

**REICH & BINSTOCK LLP**
Dennis C. Reich, Esq.*
4265 San Felipe, Suite 1000
Houston, TX 77024
Phone: (713) 622-7271
Fax: (713) 623-8724
dreich@reichandbinstock.com
\**pro hac vice* forthcoming

6

**THE MILLS LAW FIRM**
Michael A. Mills, Esq.*
8811 Gaylord Drive
Suite 200
Houston, TX 77024
Phone: (832) 548-4414
Fax: (832) 327-7443
mickey@millsmediation.com
**pro hac vice* forthcoming

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document was prepared using Century Schoolbook font, 13-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 4th day of February, 2025.

*/s/ Steffan T. Keeton*

Steffan T. Keeton

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2025, a true and correct copy of this Motion and Memorandum was filed with the Court via the Electronic Case Filing System ("ECF"), and was served on all counsel of record through the same means.

/s/ *Steffan T. Keeton*

Steffan T. Keeton